UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KARIN C.,

                         Plaintiff,

       -against-                                    1:20-CV-0636 (LEK)

COMMISSIONER
OF SOCIAL SECURITY,

                         Defendant.

_____

## MEMORANDUM-DECISION AND ORDER

## I.     INTRODUCTION

On June 8, 2020, Plaintiff Karin C. filed an action in this Court under the Social Security

Act. Dkt. No. 1 ("Complaint"). She seeks review of a determination by the Commissioner of

Social Security that she was not disabled from April 1, 2017 through April 2, 2019—the date an

Administrative Law Judge ("ALJ") denied her disability application—and is therefore ineligible

for disability insurance benefits. Id.; see also Dkt. Nos. 11 ("Record"), 13 ("Plaintiff's Brief"); 15

("Defendant's Brief"). For the reasons that follow, the Court vacates the Commissioner's

determination of no disability and this case is remanded for further proceedings.

## II.    BACKGROUND

Plaintiff is female and, at the time of the April 2017 alleged onset date, was forty-six

years old. R. at 87. She has a high school education and previous work experience as a district

manager. R. at 97–98. She asserts that she has the following severe impairments: lumbar

degenerative disc disease, sciatica, sacroilitis, obesity, and status post left knee arthroscopic

surgery. Pl.'s Br. at 1–2.

*1. Plaintiff's Testimony*

On February 28, 2019, the ALJ held a hearing to examine Plaintiff's application. R. at 26.

Before starting the examination, Plaintiff's counsel and the ALJ had the following exchange:

> ALJ: Any objections to any of the documents?
>
> ATTY: None.
>
> ALJ: And, let me see, I didn't see any late submissions. Is that accurate?
>
> ATTY: Correct, except for my brief that I filed yesterday.
>
> ALJ: Right and I did – did exhibit that already as well. Anything that's still pending?
>
> ATTY: Well, the only thing that's pending would be the – the report of the –
>
> ALJ: Spinal –
>
> ATTY: – procedure that was done yesterday where –
>
> ALJ: Right.
>
> ATTY: – she had a spinal cord stimulator trial[1] put in yesterday by Dr. Rigolosi I believe.
>
> CLMT: Yes, Dr. Luke Rigolosi, Ortho New York.
>
> ATTY: Okay.
>
> ALJ: All right, so that would be recent medical treatment anyway, so when you get that if you want to submit that that would be – that

---

[1] "Spinal cord stimulation is a surgical technique in which an electrode is placed next to the spinal cord. '[A] mild electric current' is used 'to block nerve impulses in the spine,' which may reduce pain in some patients. This technique may be used to treat chronic back pain, and is used after 'other treatments such as medicines and exercise . . . have not worked.'" Camacho v. Colvin, No. 15-CV-7080, 2017 WL 770613, at *9 (S.D.N.Y. Feb. 27, 2017) (internal citation omitted).

would be great, so – but – so pending that, everything else – we don't have anything else that's outstanding?

ATTY: I do not believe so, no.

ALJ: <u>Okay. So then I won't say the record is complete because we have that outstanding record, but it's from yesterday</u>. So – all right so, then, I will go ahead and admit provisionally all of the exhibits marked from Exhibits 1A through 28F, noting that hopefully we will have Dr. Rigolosi's report of the spinal cord stimulator placement and trial from yesterday in the record soon.

<u>Id.</u> at 29–31 (footnote not in original and emphasis added).

During the examination, Plaintiff referenced the spinal cord stimulator:

A. And that will be something on the table that's going to be done, but –

Q. Right.

A. – the pain in my back is just – I have to try to figure something out with that, and that's when the stimulator came into play –

Q. Okay.

A. – where they wanted to try to get that under control.

Q. Now currently the – spinal cord stimulator trial that you are going through is that actually implanted or is that like a surface trial, if you know?

A. The wires are implanted.

Q. Um-hum but the devise itself is not?

A. The device itself is on the outside. All the wires are on the outside.

Q. Right, okay.

A. They put me under anesthesia yesterday and they wired the – the wires through into my spinal cord.

Q. Um-hum, now obviously it's too early to see if whether it's having any lasting effect, but in the past few hours has that – have you noticed any particular difference from it?

A. Not too much yet.

Id. at 60–61.

### 2. ALJ Decision

On April 2, 2019, the ALJ issued a decision finding Plaintiff was not disabled from April 2, 2017 through the date of the decision. R. at 19. In making this determination, the ALJ first found that Plaintiff met the Social Security Administration's ("SSA") insured status requirements and had not engaged in substantial gainful activity since April 1, 2017, the alleged onset date. Id. at 13. Next, the ALJ found that Plaintiff had the following severe impairments: lumbar degenerative disc disease, sciatica, sacroilitis, obesity, and status post left knee arthroscopic surgery. Id. The ALJ then determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). Id. at 14.

Next, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except that she may occasionally balance, stoop, and climb ramps/stairs, but never kneel, crouch, crawl, or climb ladders/ropes/scaffolds, any may have occasional exposure to hazards including unprotected heights and dangerous machinery.

Id.

To make this finding, the ALJ considered Plaintiff's testimony and medical history, as well as the medical opinion evidence. Id. at 15–16. In considering the medical opinions, the ALJ

4

found (1) state agency consultant Dr. Miller's opinion regarding the postural limitations to be

persuasive, but his finding that Plaintiff is able to engage in light work to be less persuasive; (2)

consultative examiner Dr. Bromley's opinion that claimant had no mental limitations to be

persuasive; (3) Dr. Jenouri's opinion to be generally persuasive; and (4) the opinion of Dr.

Montgomery to be persuasive. Id. at 16–17.

>   After reviewing the medical opinion evidence, the ALJ stated that:

>> Due to the claimant's lumbar spine degenerative disc disease, status
>> post fusion surgery, obesity and status post left knee arthoscopic
>> surgery, the undersigned finds that the record supports limiting the
>> claimant to sedentary work, with the above mentioned postural and
>> environmental limitations due to trouble walking, standing or sitting
>> for prolonged periods. Additionally, the claimant's limitations in
>> carrying heavy objects due to pain further supports sedentary
>> limitations. Finally, as to the claimant's need for a cane, as her cane
>> use would only be limited to ambulation, I find that a sedentary
>> residual functional capacity, which limits standing and walking to two
>> hours of an eight-hour workday, would not require a limitation to use
>> of an assistive device such as a cane, and therefore decline to include
>> such a limitation.

Id. at 17–18.

>   Then, the ALJ determined that Plaintiff was unable to perform any past relevant work. Id.

at 18. The vocational expert testified that Plaintiff would be able to perform the requirements of

representative occupations such as an "Addresser," "Order Clerk, Food and Beverage," and

"Final Assembler." Id. at 19. Based on this testimony, the ALJ found Plaintiff "not disabled." Id.

>   The Appeals Council denied Plaintiff's request for review. Id. at 1–5.

## III.   LEGAL STANDARD

### A.  Standard of Review

"When a district court reviews an ALJ's decision, it must determine whether the ALJ applied the correct legal standards and whether the decision is supported by substantial evidence in the record." Harry P. v. Saul, No. 17-CV-1012, 2019 WL 4689213, at *6 (N.D.N.Y. Sept. 26, 2019) (Kahn, J.) (citing 42 U.S.C. § 405(g)). "Substantial evidence amounts to 'more than a mere scintilla,' and it must reasonably support the decision maker's conclusion. Courtney F. v. Berryhill, No. 18-CV-47, 2019 WL 4415620, at *1 (N.D.N.Y. Sept. 16, 2019) (Kahn, J.) (quoting Halloran v. Barnhart, 362 F.3d 28, 31 (2d Cir. 2004)). "A court will defer to the ALJ's decision if it is supported by substantial evidence, even if [the court] might justifiably have reached a different result upon a de novo review." Suzanne M. v. Comm'r of Soc. Sec., No. 18-CV-485, 2019 WL 4689227, at *1 (N.D.N.Y. Sept. 26, 2019) (Kahn, J.) (internal quotation marks omitted) (alteration in original). "However, a court should not uphold the ALJ's decision—even when there is substantial evidence to support it—if it is based on legal error." Craig R. v. Berryhill, No. 18-CV-630, 2019 WL 4415531, at *1 (N.D.N.Y. Sept. 16, 2019) (Kahn, J.) (citing Bubnis v. Apfel, 150 F.3d 177, 181 (2d Cir. 1998)).

### B.  Standard for Benefits

According to SSA regulations, a disability is defined as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a). An individual seeking disability benefits "need not be completely helpless or unable to function." De Leon v. Sec'y of Health and Human Servs., 734 F.2d 930, 935 (2d Cir. 1984). To determine a claimant's

eligibility for disability benefits, there is a five-step evaluation process. 20 C.F.R. §
404.1520(a)(1). If the ALJ is able to determine that the claimant is disabled or not disabled at a
step, the evaluation ends. § 404.1520(a)(4). Otherwise, the ALJ will proceed to the next step. Id.

At step one, the ALJ must determine whether the claimant is engaged in "substantial
gainful work activity." § 404.1520(a)(4)(i). If so, the claimant is not disabled under SSA
regulations. Id. At step two, the ALJ must determine whether the claimant has an impairment, or
combination of impairments, that is "severe," i.e., that "significantly limits" the claimant's
"physical or mental ability to do basic work activities." §§ 404.1520(a)(4)(ii), 416.920(c). If the
claimant does not have such an impairment, the claimant is not disabled under SSA standards. Id.
At step three, the ALJ asks whether the claimant's medically determinable physical or mental
impairment(s) are as severe as an impairment listed in Appendix 1 of Subpart P of § 404. §
404.1520(a)(4)(iii); 20 C.F.R., Pt. 404, Subpt. P, App. 1. If so, the claimant is disabled. §
404.1520(a)(4)(iii). If not, the ALJ moves on to step four and reviews the claimant's residual
functional capacity ("RFC") and past work. § 404.1520(a)(4)(iv). A claimant is not disabled
under SSA standards if she can perform past work. Id. If the claimant cannot perform her past
work, the ALJ decides at step five whether adjustments can be made to allow the claimant to
work in a different capacity. § 404.1520(a)(4)(v). If the claimant "cannot make an adjustment to
other work," then the claimant is disabled. Id. In the first four steps, the claimant bears the
burden of proof; at step five, the burden shifts to the SSA. Kohler v. Astrue, 546 F.3d 260, 265
(2d Cir. 2008) (quoting Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996)).

## IV.   DISCUSSION

Plaintiff argues that the ALJ erred by (1) failing to develop the record and relying on stale medical opinions in the RFC calculation; and (2) failing to explain his evaluation of Plaintiff's subjective complaints. Pl.'s Brief at 11–19. Although not raised explicitly by the parties, the Court is compelled to first address the duty to develop the record in relation to the spinal cord treatment trial, which may be remedied on remand. See Morales v. Berryhill, No. 14-CV-2803, 2018 WL 679566, at *16 (S.D.N.Y. Jan. 8, 2018), report and recommendation adopted sub nom. Morales v. Comm'r of Soc. Sec., No. 14-CV-2803, 2018 WL 679492 (S.D.N.Y. Feb. 1, 2018).

### A.  Failure to Develop the Record

In light of the non-adversarial nature of the administrative proceedings, an ALJ has a duty to develop the record, regardless of whether the claimant is represented by counsel. Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000). When the evidence on the record is inadequate to determine whether a claimant is disabled, "the ALJ has an obligation to seek additional information to supplement the record." Mantovani v. Astrue, No. 09-CV-3957, 2011 WL 1304148, at *3 (E.D.N.Y. Mar. 31, 2011). However, "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a 'complete medical history,' the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." Rosa v. Callahan, 168 F.3d 72, 79 n.5 (2d Cir. 1999) (internal citation omitted). "Where . . . it is apparent from the face of the record that the record lacks necessary information, the ALJ cannot be relieved of his affirmative obligation to develop the record." Rodriguez o/b/o C.W. v. Colvin, No. 14-CV-214S, 2015 WL 5037014 at *4 (W.D.N.Y. Aug. 25, 2015) (citing Hilsdorf v. Comm'r of Social Sec., 724 F. Supp. 2d 330, 346 (E.D.N.Y. 2010)).

Here, the missing spinal cord stimulator trial treatment records constituted an obvious gap in the record, especially since the ALJ identified the gap in the record. <u>See</u> R. at 30 ("<u>So then I won't say the record is complete because we have that outstanding record</u>, but it's from yesterday.") (emphasis added). Defendant recognizes that this piece of evidence is missing, but argues that "Plaintiff's counsel asserted to the ALJ that there was no objection to the record and the only outstanding evidence was a medical note regarding her spinal stimulator trial." Def.'s Brief at 8. This argument misses the point. "An ALJ has taken reasonable steps to complete the medical record when he asks the plaintiff's attorney at a hearing if the medical records are complete, and the attorney answers affirmatively." <u>Patricia K. v. Comm'r of Soc. Sec.</u>, No. 20-CV-37, 2020 WL 7490323, at *8 (N.D.N.Y. Dec. 21, 2020). This is not present here. First and foremost, the ALJ admitted that he did not possess Plaintiff's complete medical history due to the outstanding record. R. at 30. Second and as important, Plaintiff's counsel's answer, taken as a whole, did not affirm that the medical records are complete. Even if he initially suggested as much, he quickly corrected himself and notified the ALJ about the outstanding spinal cord stimulator trial report. <u>Id.</u> at 30.

Defendant argues that "Plaintiff also failed to request that the record be kept open so that she could obtain additional opinion evidence regarding her current functioning." Def.'s Brief at 8. A sister court within the Second Circuit recently analyzed how "district courts in this circuit have reached conflicting conclusions as to whether the ALJ satisfies that duty by relying on the claimant's counsel to obtain the missing evidence." <u>Sotososa v. Colvin</u>, No. 15-CV-854, 2016 WL 6517788, at *4 (W.D.N.Y. Nov. 3, 2016) (collecting cases). In <u>Sotososa</u>, the court held:

> Here, in light of these conflicting decisions and the Second Circuit's broad interpretation of the ALJ's duty to develop the record, see, e.g., Vincent v. Comm'r of Soc. Sec., 651 F.3d 299, 305 (2d Cir. 2011) ("The duty of the ALJ, unlike that of a judge at trial, is to investigate and develop the facts and develop the arguments both for and against the granting of benefits."), this Court concludes that the ALJ did not satisfy his duty to develop the record even though he advised Sotososa's counsel to obtain the missing Lakeshore treatment notes. There is no evidence that the ALJ followed up with Sotososa's counsel or attempted to obtain the missing records himself. The ALJ did not satisfy his duty to develop the record just because he told Sotososa's attorney to obtain the missing records.

Id. at *4.

This Court finds Sotososa's reasoning to be persuasive. Defendant's argument falls flat because even if Plaintiff failed to request that the record be kept open, the ALJ could not delegate his duty to develop the record on account of Plaintiff's failure to act. See Petersen v. Comm'r of Soc. Sec., No. 18-CV-6143, 2019 WL 2051650, at *4 (W.D.N.Y. May 9, 2019) (ALJ did not fulfill duty to develop record by asking the plaintiff's representative to obtain the missing records because he did not attempt to obtain the missing records himself or even follow up with the representative to determine the status of the records requested or warn that a decision would be made without the records).

Here, there is no evidence that the ALJ attempted to obtain the missing records himself, followed up with Plaintiff's counsel, or warned counsel that a decision would be made without the records. Without taking any independent steps to develop the record, the ALJ did not fulfill his duty to develop the record and remand to the Commissioner is appropriate. See Glast v. Astrue, No. 11-CV-5814, 2013 WL 5532696, at *10 (E.D.N.Y. Sept. 30, 2013).

10

### B.  Plaintiff's Remaining Arguments

Because the Court orders remand, it need not address the other arguments advanced by

Plaintiff. Cf. Biro v. Comm'r of Soc. Sec., 335 F. Supp. 3d 464, 472 (W.D.N.Y. 2018)

("However, because the Court has already determined, for the reasons previously discussed, that

remand of this matter for further administrative proceedings is necessary, the Court declines to

reach this issue."). Since, on remand, the Commissioner is obligated to further develop the record

surrounding the spinal cord stimulator trial, additional forthcoming medical evidence can

potentially render any discussion of substantial evidence here moot.

## V.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Commissioner's determination of no disability is **VACATED**, and

the matter is **REMANDED** for further proceedings consistent with this Memorandum-Decision

and Order; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and

Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:        September 07, 2021
              Albany, New York

Lawrence E. Kahn
U.S. District Judge